IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| HEATHER ELDRIDGE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | NO. 3:17-cv-875 |
| | ) | |
| ALBERT HARRIS, | ) | |
| VILLAGE OF CENTREVILLE, | ) | |
| | ) | JURY TRIAL DEMANDED |
| Defendant. | ) | |

COMPLAINT

NOW COMES the Plaintiff, HEATHER ELDRIDGE, by and through her attorneys, Brian L. Polinske and Polinske & Associates, P.C., and for her Complaint against the Defendants, Albert Harris and the Village of Centreville, states and alleges as follows:

INTRODUCTION

This action is brought seeking redress for violations of the Plaintiff's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States of America and for violations of Illinois common law. Specifically, Plaintiff is seeking damages that resulted when she was arrested and charged with the criminal misdemeanor offenses of Obstruction of a Peace Officer and Resisting Arrest by Centreville Police Department Officer Albert Harris. She was arrested and charged by Defendant Harris despite their being no probable cause to cause him to believe she had committed either offense. Lastly, she seeks indemnification of any judgment amounts entered against Defendant Harris to be ordered against Defendant Village of Centreville.

## JURISDICTION AND VENUE

1.      This Court has original jurisdiction over this matter pursuant to 28 U.S.C. Section 1331 and 1343 (a)(3), as the federal claims are brought under 42 U.S.C Section 1983.  Venue is proper pursuant to 28 U.S.C. Section 1391(b), as all or some of the parties reside in the Southern District of Illinois and the events giving rise to the claims occurred in this District.  The Court has supplemental jurisdiction over the Plaintiff's state law claims pursuant to 28 U.S.C. 1367(a), as the claims arise out of the same nucleus of operative facts.

## THE PARTIES

2.      The Plaintiff Heather Eldridge, is an Illinois citizen who at all times enjoyed the rights enumerated under the Constitution of the United States.

3.      Defendant Village of Centreville is a body politic under the laws of the State of Illinois.

4.      Defendant Albert Harris at all relevant times was employed as a police officer by the Village of Centreville.  He acted under color of law, and within the scope of said employment.

## FACTS COMMON TO ALL COUNTS
## OF THE COMPLAINT

5.      On or about April 17, 2017 the Plaintiff was working as an Emergency Room Nurse at Touchette Hospital in Centreville, Illinois.

6.      During her shift two patients were discharged from the "psych" ward. Both exited the hospital.  One began to dial 9-1-1 and the other was nearby scratching his arm with a hair clip.  Both patients are regularly seen at the hospital.

7.      Defendant Harris was dispatched to the location where he exited his squad and walked towards various staff members of Touchette Hospital.  He was advised of the situation and the fact that the doctor over the psych ward had ordered both patients' release.  Defendant Harris demanded the male subject be taken in as a patient and strapped to a stretcher.  The hospital staff explained to him that they could not do so as protocol requires a doctor approve all patients' admission to the hospital.

8.      Defendant Harris became upset when he was told the staff could not approve admission of the patient without a doctor's approval.  He handcuffed the male subject and transported him to the Centreville Police Department.

9.      While at the hospital Defendant Harris and his partner spoke to security staff in the parking lot within hearing range of the Plaintiff and told her she should work where she lives not in his community.  The Plaintiff is Caucasian and she believes he was referring to the community being mostly black.

10.     The Plaintiff asked her supervisor what she should do with the hair clip lying on the ground after the police officer had left the scene.  She was advised to throw it in the garbage.

11.     Defendant Harris drove back to the hospital approximately 15 minutes later and began talking to the Plaintiff who was located in the nurses' station.  He asked her where the "weapon" [hair clip] was located.  He then asked her name.  She began to state that her name was irrelevant.

12.     Defendant Harris immediately handcuffed her at that point and arrested her.

13.     Defendant Harris charged the Plaintiff with the offenses of: (1) Obstruction in violation of 720 ILCS 5/31-1 and (2) Resisting in violation of 720 ILCS 5/31-1.  Both are misdemeanor offenses.  See attached copy of complaints (Plaintiff's 1).

14.     720 ILCS 5/31-1 requires the following elements as relevant to " a person who knowingly resists or obstructs the performance by one known to the person to be a peace officer … of any authorized act within his .. official capacity commits a Class A misdemeanor.  The same statute was cited by Defendant Harris for the criminal complaint he filed against the Plaintiff for both of the complaints.

15.     Defendant Harris at no time had probable cause to believe she had committed either offense.  She at no time "knowingly resisted or obstructed" Defendant Harris' performance of any authorized act.

16.     Had Defendant Harris allowed the Plaintiff to explain to him that she was instructed by her supervisor to throw the "weapon" [hair clip] away he would have been able to retrieve the item.  However, he arrested her so quickly that she didn't have enough time to explain where the hair clip was located.

17.     At all times the Plaintiff had an identity badge on her clothing that identified her name.

18.     The Plaintiff never attempted to pull away from Defendant Harris after being handcuffed.  She was physically pushed and shoved out of the hospital by Defendant Harris after she was handcuffed.  The handcuffs caused her pain suffering and marks to her wrists.

19.     The fact is that Defendant Harris was very angry when undertaking his police efforts at the hospital that date.  He yelled at hospital security and staff while

removing the Plaintiff from the hospital premises that if anyone tried to interfere with his

arrest of Plaintiff they would be arrested too.

20.     Defendant Harris typically has acted in such manner in the past while at

the hospital.  He threatens hospital staff while undertaking his duties.  His behavior has

become so intolerable that he is not individually allowed on hospital property as of the

filing of this Complaint.

21.     The Plaintiff was taken into custody, required to post bond, ordered to

appear in court, and was required to take time off work and expend other sums in order to

address the felony charge.

22.     On June 22, 2017 both charges against her were dismissed (ref: St. Clair

County Case No. 17 CM 1531-32.  Therefore the charges were terminated in her favor.

COUNT I – FOURTH AMENDMENT<br>FALSE ARREST<br>42 U.S.C. Section 1983 Versus Defendant Harris

23.     Plaintiff realleges and incorporates paragraphs 1 through 22 as stated

above.

24.     The Fourth Amendment to the United States Constitution states "The right

of the people to be secure in their persons, houses, papers, and effects, against

unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but

upon probable cause, supported by oath or affirmation, and particularly describing the

place to be searched, and the persons or things to be seized."

25.     At all relevant times Defendant Harris acted under color of law in that

he was a sworn officer of the Centreville Police Department who was acting within

the scope of his employment.  He wore the official uniform, drove the official squad

car, and used the devices provided him as a police officer by Defendant Village of Centreville (taser, handcuffs, citation book, etc.).

26.     Defendant Harris caused Plaintiff to be arrested and charged when he personally prepared and filed the charges with the St. Clair County Circuit Court.

27.     At the time he brought forward his request to charge Plaintiff he should have known that the Plaintiff had not committed either of the two offenses.

28.     The Officers' individual and/or concerted action, as described above, violated Plaintiff's right to be free from unreasonable searches and seizures as provided in the Fourth Amendment to the United States Constitution and has caused Plaintiff to suffer damages, including, but limited to, physical injury, pain, mental anguish, emotional distress, attorney's fees (underlying criminal charge defense) and lost wages.

29.     At all times relevant hereto, Defendant Harris was acting under color of law, and his conduct as described hereinabove was unreasonable and without any lawful justification.

WHEREFORE, Plaintiff, Heather Eldridge, demands judgment against Defendant Harris, for compensatory and punitive damages in a sum in excess of $100,000.00 and for attorneys' fees and costs pursuant to 42 U.S.C. Section 1988.

## COUNT II – MALICIOUS PROSECUTION
## PENDENT STATE CLAIM
## VERSUS ALBERT HARRIS

30.     Plaintiff realleges and incorporates paragraphs 1 through 22 as stated above.

31.     Defendant Harris brought the two criminal misdemeanor charges against the Plaintiff in St. Clair County Circuit Court.

32.     At the time the charges were brought against the Plaintiff the Defendant had no probable cause to believe she had committed either offense.

33.     Defendant Harris brought the charges against the Plaintiff with malice.  In support thereof the Plaintiff has alleged, infra, the very angry state of mind with which the Defendant acted.  Also in support thereof the Plaintiff has alleged, infra, the racial comments made by the Defendant that the Plaintiff should go back to work where she lives not with his people.

34.     The underlying criminal charges were terminated in her favor when they were dismissed on June 22, 2017.

35.     The Plaintiff has suffered special injury in that she lost wages, had to expend sums of money to be released on bond from custody, had to retain counsel to defend her in the underlying criminal charges, suffered emotional distress and suffered physical pain from the handcuffs being too tight and was incarcerated for a period of time in the Centreville Police Department.

WHEREFORE, Plaintiff, Heather Eldridge, demands judgment against Defendant Harris, for compensatory and punitive damages in a sum in excess of $100,000.00 and for all other relief to which she is entitled.


COUNT III – STATE LAW CLAIM – INDEMNIFICATION

36.     Plaintiff realleges and incorporates paragraphs 1 through 22 as stated above.

37.     Pursuant to Section 9-102 of the Local Government and Governmental Employees Tort Immunity Act ("the Act"), a local public entity is directed to pay any tort

judgment or settlement for compensatory damages for which it or an employee acting within the scope of his employment is liable.  745 ILCS 10/9-102.

38.     The Village of Centreville is a local public entity as defined in the Act. 745 ILCS 10/1-206.

39.     Defendant Harris at all relevant times was an "employee" of the Village of Centreville Police Department as defined by the Act.  745 ILCS 10/1-202.

40.     At all relevant times, Defendant Harris acted within the scope of his employment with the Village of Centreville.

41.     Pursuant to the Act, the Village of Centreville is also required to pay any judgment or settlement entered against Defendant Harris, in his official capacity as a police officer with the Village of Centreville.

WHEREFORE, Plaintiff Heather Eldridge demands judgment against Defendant Village of Centreville, as an indemnor, in the amount awarded to Plaintiff against the individual Defendant, as damages, attorney's fees, costs and interest, and/or for any settlement entered into between Plaintiff and the Defendants.


## PLAINTIFF DEMANDS A JURY OF TWELVE

Respectfully submitted,
Polinske & Associates, P.C.,


BY: /s Brian L. Polinske

701 North Main Street
Edwardsville, IL 62025
(618) 692-6520
06211450